UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**CHARMANE SMITH,**

              Plaintiff,

   -against-

**INGENICO GROUP,**

              Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-2607 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

The *pro se* plaintiff, a resident of Tennessee, brings this action against Ingenico Group, incorporated in Delaware, alleging claims under the Consumer Protection Act, 18 U.S.C. § 2520, and for product liability. (ECF No. 1.) The plaintiff also filed a "motion for summary judgment." (ECF No. 3.) The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2) is granted solely for the purposes of this order. The plaintiff's complaint is dismissed for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii), and the plaintiff's motion for summary judgment is denied as moot.

## BACKGROUND

The plaintiff alleges that defendant Ingenico Group's "payment processing equipment and software" enabled the "tracking, manipulation, alteration, interference with, and/or potential cloning of personal information, availability/accessibility, spending limits, pricing, and sales discounts (covert, unauthorized, and/or denial of the benefit) through point-of-sale transactions." (ECF No. 1 at 1-2.) The plaintiff brings claims of "wire, oral, and electronic interception" under the Consumer Protection Act, 18 U.S.C. § 2520, and "product liability;" she seeks $5 million in damages. (*Id.* at 2.)

1

## STANDARD OF REVIEW

At the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). When a plaintiff is proceeding *pro se*, the court must read her complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## DISCUSSION

The complaint does not withstand even the most liberal standard of review, and must be dismissed. It includes a one-sentence "statement of facts," which is a list of claims without any factual allegations about how the defendant wronged her, or whether she was injured. Accordingly, the complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

While *pro se* plaintiffs are ordinarily granted leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), leave to amend "may properly be denied if the amendment would be futile," *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). The plaintiff lists state and federal laws, but asserts no facts that suggest a valid claim. Even if she had stated a claim, there are no facts demonstrating that any of the events about which she complains occurred in this district.

The plaintiff has an extensive litigation history; she has filed over 200 cases in federal district and appellate courts.[1] She has filed another equally frivolous complaint in this Court—*Smith v. Qosmedix*, No. 19–CV–2608 (E.D.N.Y. May 1, 2019)—and is the subject of filing injunctions in the following courts:

- *Smith v. United States*, No. 01-CV-450-Y (N.D. Tex. May 30, 2001) (enjoining the plaintiff from filing cases in the Northern District of Texas without prior judicial permission);

- *Smith v. Dell, Inc.*, No. 06-2496-B/V, 2007 WL 3232037 (W.D. Tenn. Oct. 31, 2007) (enjoining the plaintiff from filing actions *in forma pauperis*);

- *Smith v. Spitzer*, 531 F. Supp. 2d 360 (N.D.N.Y. 2008) (enjoining the plaintiff from filing actions in the Northern District of New York without obtaining counsel or prior court approval);

---

[1] *See* Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. https://pcl.uscourts.gov (last visited May 8, 2019).

- *Smith v. Chase Bank*, No. 11-CV-2270 (S.D.N.Y. Dec. 2, 2016) (enjoining the plaintiff from filing any future *in forma pauperis* action in the Southern District of New York without first obtaining court permission).

This Court will not tolerate frivolous, repetitive, and vexatious litigation. The plaintiff may be subject to a filing injunction in this Court if she continues to file similar actions. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 538 (2d Cir. 2005) (per curiam).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and the plaintiff's motion for summary judgment is denied as moot. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this action.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      May 15, 2019